# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

"IN ADMIRALTY"

KING OCEAN SERVICES, LTD.,
    Plaintiff,

vs.                                                      CASE NO.:

COAST MASTER IMPORTS, LLC,
a Florida Limited Liability Company,
    Defendant.

_____/

## COMPLAINT

Plaintiff, KING OCEAN SERVICES, LTD. (hereinafter "KING OCEAN"), by and through its undersigned counsel files herewith this Complaint against Defendant, COAST MASTER IMPORTS, LLC (hereinafter "COAST MASTER") and for cause of action *in personam* states as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction in accordance with 28 U.S.C. §1333(1). The Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## VENUE

2. Venue in this district is proper. A substantial part of the events giving rise to the claims

asserted by Plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely Port Everglades, Florida.  Furthermore, Defendant maintains an office for transaction of its customary business in Miami-Dade County, Florida.

## THE PARTIES

3.   KING OCEAN SERVICES, LTD. is a Vessel Operating Common Carrier (VOCC) that provides maritime services and cargo transportation between ports in the State of Florida and various ports of origin or discharge throughout Central and South America, as well as the Caribbean Basin.

4.   Upon information and belief, COAST MASTER IMPORTS LLC is a Florida Limited Liability Company that engages in the importation of produce.

## GENERAL ALLEGATIONS

5.   On or about April 2021, KING OCEAN agreed to transport a container of ginger root and other produce under freight collect terms from Puerto Cortes, Honduras to Port Everglades, Florida.  The Bill of Lading Number assigned by KING OCEAN to the aforementioned shipment was KOSLHONPEV12727.

6.   COAST MASTER was the consignee of the goods transported by KING OCEAN from Honduras to Port Everglades, Florida under Bill of Lading No. KOSLHONPEV12727.

7.   Upon arrival at Port Everglades, Florida, U.S. Customs and Border Protection refused entry of the goods transported under Bill of Lading No. KOSLHONPEV12727 because the produce stored in the shipping container, which was not loaded by Plaintiff, was infested with rats.  As a result, KING OCEAN was required to return the container and its contents to the original port of loading in Puerto Cortes, Honduras.

8.   A copy of the invoices itemizing the ocean freight and related charges associated with the

northbound shipment from Puerto Cortes, Honduras to Port Everglades, Florida, as well as the return shipment from Port Everglades, Florida to Puerto Cortes, Honduras are attached as Exhibit "A".  Said invoices contain references to Ocean Bill of Lading No. HONPEV12727 and Ocean Bill of Lading No. PEVHON20290.

9. The Terms & Conditions that apply to Ocean Bills of Lading issued by KING OCEAN are attached as Exhibit "B".

10. Paragraph 1 of the Bill of Lading Terms & Conditions define the term "Merchant" as "…the shipper, holder of this bill of lading, consignee, receiver of the Goods, any person owning or entitled to the possession of the Goods or of this bill of lading."  As the consignee of the goods transports under Bill of Lading No. KOSLHONPEV12727, as well as the shipper of the goods transported under Bills of Lading No. PEVHON20290, Defendant is included in the definition of the term "Merchant".

11. Paragraph 15 of the Bill of Lading Terms & Conditions states in part, "Full freight to destination and other monies due hereunder, shall be considered completely earned on receipt of the Goods by Carrier, even though the Vessel or Goods are damages or lost or the voyage is frustrated or abandoned, or whether freight is to be prepaid or collected at destination."

12. Despite demands for payment of the ocean freight and related charges earned by the carrier, COAST MASTER has failed and refused to compensate KING OCEAN for the carriage of the goods.

13. Plaintiff has suffered damages in the amount of $7,261.00

## COUNT I – BREACH OF CONTRACT
(Ocean Bill of Lading)

14. KING OCEAN repeats and realleges the allegations set forth in Paragraphs 1 through 13 as if fully set forth herein.

15. In April 2021, valid contracts were formed when KING OCEAN agreed to transport goods from Puerto Cortes, Honduras to Port Everglades, Florida and was required by U.S. Customs to return the cargo to its port of origin.

16. KING OCEAN performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by transporting cargo for the Defendant.

17. COAST MASTER committed a material breach of Paragraph 15 of the Bill of Lading contract attached as Exhibit "B" by failing to compensate KING OCEAN for the ocean freight and related charges earned by the carrier.

18. KING OCEAN has suffered damages in the amount of $7,261.00.

WHEREFORE, Plaintiff, KING OCEAN SERVICES, LTD. respectfully requests for this Honorable Court to enter judgment against Defendant, COAST MASTER IMPORTS, LLC, for damages in the amount of $7,261.00, interest, contractual attorney's fees in accordance with Paragraph 15 of the Bill of Lading Terms & Conditions, taxable costs and disbursements of this action and any other and further relief as may be just and proper under the circumstances.

Dated: October 7, 2021

Respectfully submitted,

**DEE M. DOLVIN, P.A.**
*Attorney for Plaintiff*
P.O. Box 310424
Miami, Florida 33231
Telephone: (305) 318-1919
E-mail: Dee@DeeMDolvin.com

By: /s/ Dee M. Dolvin
_____
DEE M. DOLVIN
Florida Bar No.: 707491